UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Frank Brett, | ) C/A No. 3:10-2880-JFA-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Bernard Berman;<br>Len Halpern;<br>Saxe Gotha Presbyterian Church;<br>Bike to Nature, *Doug Waitzman and Sam*;<br>Doctor Elvin Ezekiel;<br>Stacy Johnson, | ) |
| Defendants. | ) |

*Background of this Case*

The plaintiff is a resident of Voorhees, New Jersey. Defendants Bernard Berman and Len Halpern are residents of Pennsylvania. Saxe Gotha Presbyterian Church is a located in Lexington County, South Carolina. Bike to Nature is a retail establishment in Lexington, South Carolina. Defendants Elvin Ezekiel and Stacy Johnson are residents of New Jersey.

In his prayer for relief, the plaintiff seeks an injunction from abuse against all defendants. The plaintiff states that he has been slandered in four States by the defendants, who, allegedly, have said that he is a "Forrest Gump," retarded, gay, and has been in prison for years. The plaintiff has not completed the "STATEMENT OF CLAIM" portion of the *pro se* complaint, but has attached a thirty-page exhibit, wherein he lists actions alleged committed or statements made by the defendants.

1

The thirty-page exhibit is characterized by what some courts have described as "buzzwords" or "gibberish." *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Texas 1989); *Stafford v. Ellis*, Civil Action No. 89 N 1676, 1992 U.S.Dist. LEXIS 12007 (D. Colo. 1992); *Yocum v. Summers*, No. 91 C 3648, 1991 U.S.Dist. LEXIS 12091, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. New York Stock Exchange*, 1989 U.S. Dist. LEXIS 8141, 1989 WL 82007 (N.D.Ill. July 10, 1989); *Peebles v. National Collegiate Athletic Association*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247 (D.S.C. Nov. 1, 1988) (magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, No. 89-2344, 887 F.2d 1080 [Table], 1989 U.S. App. LEXIS 14193, 1989 WL 117826 (4th Cir. Sept. 21, 1989); *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd Cir. 1985). In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in *Bryant v. U Haul*, Civil Action No. 93-6892, 1994 U.S.Dist. LEXIS 2189, *2, 1994 WL 67803 (E.D. Pa. Feb. 25, 1994) ("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish."). *See also Lindsay v. Mid-Continent Fed. S&L Ass'n*, No. 95-1086-PFK, 1995 U.S.Dist LEXIS 5764, 1995 WL 254261 (D. Kan. April 26, 1995); and *cf*. In Re *Urcarco Securities Litigation*, 148 F.R.D. 561, 566 (N.D. Tex. 1993), *affirmed*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings under 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The defendants are subject to summary dismissal because they have not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

Moreover, the plaintiff has not raised any facially plausible civil rights claims because an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute,

28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since the plaintiff and two of the defendants are citizens of New Jersey, complete diversity of parties is not present in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Since the United States District Court for the District of South Carolina has no federal question jurisdiction or diversity jurisdiction over this action, it should be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915; and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have

an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

November 30, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).